UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK C., | |
| Plaintiff, | Case No. C20-5064-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by: (1) finding Plaintiff's mental health conditions non-severe at step two; (2) failing to properly assess the medical opinion evidence; and (3) excluding evidence from MultiCare Health.[1] (Dkt. # 15 at 3.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

---

[1] Plaintiff additionally argues that these primary errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and step-five findings. (Dkt. # 15 at 3, 10-11.) Because these errors merely reiterate arguments addressed in the primary errors, these assignments of error need not be discussed separately.

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1969, has a high-school education, and has worked as a tank truck driver, electrician, laborer, mechanic, and merchandise deliverer. AR at 23. Plaintiff was last gainfully employed in October 2010. *Id.* at 16, 1098.

On November 21, 2016, Plaintiff applied for benefits, alleging disability as of January 1, 2011. AR at 13. Plaintiff's applications were denied initially on January 4, 2017, and on reconsideration on February 1, 2017, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on March 28, 2018, the ALJ issued a decision on October 19, 2018, finding Plaintiff not disabled. *Id.* at 14.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2011, through his date last insured ("DLI") of December 31, 2013 (20 C.F.R. § 404.1571 *et seq.*).

Step two: Plaintiff has the following severe impairments: right midfoot traumatic osteoarthritis, right tibial neuropathy and deep peroneal neuropathy, low back pain, posttraumatic equinus of the right foot (20 C.F.R. § 404.1520(c)).

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity: Plaintiff can perform a range of light work, as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations: he could occasionally climb ramps, stairs, ladders, ropes, and scaffolds, kneel, crouch, and crawl. He could frequently stoop. He could have occasional exposure to unprotected heights and large mobile equipment.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 16-24.

---

[2] 20 C.F.R. §§ 404.1520.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 6.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# IV. DISCUSSION

## A. The ALJ Did Not Err in Evaluating the Severity of Plaintiff's Mental Health Conditions

Plaintiff initially argues the ALJ erred in finding his mental health conditions and anxiety were non-severe because the ALJ failed to appropriately consider relevant treatment notes and other external factors that prevented Plaintiff from continuing his treatment. (Dkt. # 15 at 4-6.) Under step two, an ALJ must consider all conditions a claimant has and determine whether they are "severe" or "non-severe." 20 C.F.R. § 404.1520(c). An impairment is considered "non-severe" where the condition does not significantly limit a claimant's ability to perform basic work activities. 20 C.F.R. § 404.1522(a).

Based on the record before the Court, the ALJ reasonably determined the evidence concerning Plaintiff's mental health conditions did not demonstrate a severe impairment. At step two, the ALJ noted: Plaintiff worked on his mental health conditions with a psychologist starting in January 2011, that he continued his counseling through June 2011, and that his mental health improved during this time. AR at 17, 1585, 1591, 1603. In March 2011, Plaintiff decreased the frequency of his counseling sessions from a weekly to a bimonthly basis because his mental health had improved. *Id.* at 1591. In October 2011, Plaintiff's treatment provider noted Plaintiff had not attended treatment since June 2011. *Id.* at 17, 1584. Aside from a trained therapy dog (*id.* at 903-904), Plaintiff testified he did not receive any other mental health treatment during the relevant period, did not take psychotropic medications, and that no treatment provider recommended he take medications. *Id.* at 903, 907. The ALJ concluded Plaintiff's depression and anxiety symptoms were non-severe because they did not cause him significant vocational limitations. *Id.* at 17.

ORDER - 4

The ALJ found several of Plaintiff's other impairments were severe, including: (1) right midfoot traumatic osteoarthritis; (2) right tibial neuropathy and deep peroneal neuropathy; (3) low back pain; and (4) posttraumatic equinus of the right foot. AR at 16. Despite the categorization of Plaintiff's mental health conditions as non-severe, the ALJ considered all of Plaintiff's conditions together at step two. *Id.*; *see Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (holding an ALJ's RFC assessment must consider the limitations caused by all of a claimant's medically determinable impairments regardless of severity). Therefore, because the ALJ found in Plaintiff's favor at step two, and substantial evidence existed in the record supporting the ALJ's conclusion that Plaintiff's mental health conditions were non-severe, the Plaintiff was not prejudiced at step two. *See Buck*, 869 F.3d at 1049 (finding RFC should be the same regardless of whether certain impairments are considered "severe" or not); *Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005).

### B. The ALJ Did Not Err in Evaluating the Medical Opinion Evidence

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*1.     Anthony B. VanBergeyk, M.D.*

Plaintiff argues the ALJ erred in evaluating the opinion of Dr. Anthony B. VanBergeyk because other opinions in the record were afforded greater weight despite Dr. VanBergeyk treating Plaintiff during the entirety of the relevant period. (Dkt. # 15 at 7-9.) Because there are conflicting opinions in the record concerning the extent of Plaintiff's physical limitations from his right foot condition, the ALJ could only discount Dr. VanBergeyk's opinion for specific and legitimate reasons. *See Bayliss*, 427 F.3d at 1216.

In order to be eligible for disability insurance benefits, a claimant must establish disability on or before his DLI. 20 C.F.R. §§ 404.131, 404.321. Medical opinions that post-date the DLI may nonetheless be relevant to determining whether a claimant was disabled before. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 n.3 (9th Cir. 2007); *Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988). Medical opinions that post-date the DLI cannot be disregarded solely because they post-date the DLI. *Id*. However, opinions that post-date the DLI may be discounted where the opinion does not have retrospective applicability or where the evidence before the DLI is inconsistent with it. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

In September 2012, Dr. VanBergeyk opined Plaintiff could work at light or modified duty and could return to work with no restrictions if he underwent foot surgery. AR at 1308. After Plaintiff's foot surgery in February 2013, Dr. VanBergeyk opined Plaintiff would be unable to work for three to four months and would unlikely be able to return to his previous job but could return on a limited basis to other work by the end of March or April 2013. *Id.* at 1292. In March 2013, Dr. VanBergeyk opined Plaintiff could perform light duty work within two to four weeks and work with no restrictions within two to three months. *Id.* at 1287. In May 2013, Plaintiff was asked to remain off work for six weeks until reevaluation with Dr. VanBergeyk. *Id.*

at 1284. In June 2013, Dr. VanBergeyk opined Plaintiff could perform light work and drive a vehicle on a limited basis, but not lift heavy items, squat, or crawl. *Id.* at 1281-82. In August 2013, Dr. VanBergeyk opined Plaintiff could return to work in light or modified duties, that he had reached maximum medical improvement, and that he could return to gainful employment. *Id.* at 1278. In November 2013, Dr. VanBergeyk again opined Plaintiff had obtained maximum medical improvement because his fusion had healed and was not generating any pain. *Id.* at 1275.

In January 2014, after Plaintiff's DLI of December 31, 2013, Dr. VanBergeyk opined Plaintiff may be suffering from neuropathy at or above his knee, that his neuropathy pain was not localized in Plaintiff's foot or attributable to his fusion, and that Plaintiff suffered from gastrocnemius equinus contracture, but Dr. VanBergeyk didn't believe it was related to his neuropathic pain symptoms. AR at 1271. In September 2014, Dr. VanBergeyk opined Plaintiff should not work until after a gastroc lengthening surgery concluded, but noted if he elected to postpone surgery, Plaintiff could perform work in some modified or light duties capacity. *Id.* at 1267.

The ALJ assigned limited weight to Dr. VanBergeyk's opinions. AR at 22. The ALJ noted she discounted the September 2014 opinion because it was dated after Plaintiff's DLI and outside the period of adjudication. *Id*. The ALJ found Dr. VanBergeyk's earlier opinions revolved around Plaintiff's foot surgery and recovery from surgery. *Id*. The ALJ ultimately concluded the record demonstrated evidence of a solid, healed fusion and that Plaintiff's normal physical examinations with Dr. VanBergeyk supported a limitation to light work. *Id.* at 22, 1275.

Here, the ALJ provided specific and legitimate reasons, supported by substantial evidence, for limiting the weight assessed to Dr. VanBergeyk's opinions. The majority of Dr.

VanBergeyk's assessments of Plaintiff's foot condition during the relevant period were temporary assessments of Plaintiff's progress after his foot surgery and were not relevant to assessing Plaintiff's long-term functioning. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (upholding ALJ's conclusion that an opinion discussing temporary restrictions was entitled to "little weight in assessing the claimant's long-term functioning"); *see also* 20 C.F.R. § 404.1509 ("Unless [a claimant's] impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months."). Nevertheless, the ALJ ultimately agreed with Dr. VanBergeyk's opinion that Plaintiff's healed fusion and normal physical examinations supported a limitation to light work. AR at 22, 1275, 1278.

Although the ALJ noted she discounted Dr. VanBergeyk's September 2014 opinion because it was dated after Plaintiff's DLI, and fell outside the period of adjudication, the ALJ's decision additionally referenced that Plaintiff's pre-DLI treatment notes demonstrated a healed fusion with normal physical exams. AR at 22. Plaintiff's pre-DLI treatment notes therefore conflict with Plaintiff's subjective pain reports regarding his foot in the September 2014 opinion. *Compare id.* at 22, 1275 *with id.* at 1267; *see Johnson*, 60 F.3d at 1433 (explaining that although an ALJ may not discount a medical opinion merely because it post-dates the DLI, an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence). Consequently, the ALJ provided specific and legitimate reasons for discounting Dr. VanBergeyk's opinion. *See Lester*, 81 F.3d at 830-31.

### 2. Robert M. Alston, M.D.

Next, Plaintiff argues the ALJ erred in assessing the opinion of Dr. Robert M. Alston. (Dkt. # 15 at 8-9.) Plaintiff argues Dr. Alston's opinions were improperly assessed greater

weight than Dr. VanBergeyk because Dr. Alston's opinion included verbatim copies of Dr. VanBergeyk's chart notes and approved his temporary restrictions. (*Id.*) Plaintiff additionally argues evidence concerning Plaintiff's complaints of neuropathy from a January 2014 treatment record (AR at 1271) shows Plaintiff was more limited than Dr. Alston opined. (Dkt. # 15 at 8-9.)

In May 2012, Dr. Alston examined Plaintiff's and found he could continue working his regular job. AR at 23, 1218. In July 2012, Dr. Alston noted Plaintiff's right foot problems were likely related to a 2007 injury and he recommended Plaintiff seek Dr. VanBergeyk's opinion on treatment. *Id.* at 23, 1216. In October 2013, Dr. Alston examined Plaintiff and opined that he agreed with the limitations found by Dr. VanBergeyk. *Id.* at 1211. Dr. Alston's opinion included copies of Dr. VanBergeyk's August 2013 treatment notes, which found Plaintiff had reached maximum medical improvement with his foot and that Plaintiff could return to work at light or modified duties. *Id.* at 23, 1243.

The ALJ assigned substantial weight to Dr. Alston's opinions. AR at 23. The ALJ determined his opinions were consistent with Plaintiff's normal physical exams and mild imaging reports. *Id.* at 23, 1213, 1234, 1241-44. The ALJ noted three weight-bearing x-rays in November 2013 showed a complete and solid fusion, that there were no signs of stress fracture or deformity, and that Plaintiff had normal movement. *Id.* at 23, 1243-44.

The ALJ did not err in assessing Dr. Alston's opinions. As previously considered above, Dr. VanBergeyk's temporary restrictions were not probative of whether Plaintiff had disabling limitations for twelve months or longer. *See Carmickle*, 533 F.3d at 1165; 20 C.F.R. § 404.1509. Therefore, the ALJ reasonably assessed limited weight to Dr. VanBergeyk's temporary restrictions, while crediting Dr. Alston's long-term opinion that Plaintiff was capable of light

work, because of Plaintiff's medical improvement with his foot per Dr. VanBergeyk's August 2013 treatment notes. AR at 22-23, 1243.

Plaintiff's challenge to the ALJ's assessment of the neuropathy evidence, based on the weight afford to Dr. Alston's opinions in light of Dr. VanBergeyk's January 2014 treatment note, is similarly unavailing.[4] The ALJ expressly credited evidence concerning Plaintiff's alleged difficulties with neuropathy in her decision. *See id.* at 21, 23. While Plaintiff proposes an alternative interpretation of the evidence based on Dr. VanBergeyk's January 2014 treatment note, the ALJ's interpretation is rational in light of the record. *Molina*, 674 F.3d at 1111; *Burch*, 400 F.3d at 680-81 (finding where the evidence is susceptible to more than one rational interpretation, the Commissioner's interpretation must be upheld).

Because the ALJ identified multiple specific and legitimate reasons, supported by the record, for discounting the medical opinion evidence where noted, the Court affirms the ALJ's assessment.

**C.     The ALJ Did Not Err in Excluding the Records from MultiCare Health**

Finally, Plaintiff argues the ALR erred in excluding records from MultiCare Health from the certified record. (Dkt. # 15 at 11-12 (citing AR 32-864).) Plaintiff argues that because the ALJ considered other records outside the period of adjudication, the MultiCare Health records should have also been admitted into the record. (Dkt. # 15 at 11-12 (citing AR 21-23).)

Plaintiff's counsel in the proceedings below submitted a letter to the ALJ five days prior to Plaintiff's hearing that the MultiCare Health records may be relevant to Plaintiff's period of

---

[4] Plaintiff briefly alleges the ALJ erred in assessing the neuropathy evidence because it provided further support for Plaintiff's testimony regarding his symptoms, which the ALJ discounted as not consistent with the medical record (AR at 19). (Dkt. # 15 at 9.) However, Plaintiff failed to identify the ALJ's adverse finding regarding Plaintiff's subjective reporting or testimony as an issue for review. (*See id.* at 2.) Accordingly, Plaintiff has failed to place the ALJ's adverse finding before this Court. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

ORDER - 10

adjudication. AR at 13, 1189-90. The ALJ noted Plaintiff's counsel indicated in her letter she would waive his request to admit the records if they were deemed not relevant. *Id.* The ALJ determined the MultiCare Health records were not relevant to Plaintiff's period of adjudication and did not admit them into the record. *Id.* at 13-14.

In reviewing the MultiCare Health records, it is clear there is some overlap in the records with the relevant period concerning Plaintiff's previous appointments with Dr. VanBergeyk in 2012. AR at 34-94. Despite this, most of the records, as previously conceded by Plaintiff's counsel (*id.* at 1189-90), post-date Plaintiff's DLI and primarily concern Plaintiff's treatment and recovery from a motorcycle accident he suffered in 2018. *Id.* at 95-864.

The portion of the records concerning Plaintiff's encounters with Dr. VanBergeyk in 2012 should have been included in the record as relevant because they concerned Plaintiff's right foot ailment during the period of adjudication. *See* AR at 34-94. Nevertheless, because Plaintiff's counsel below indicated she would waive this challenge if the records were deemed not relevant (*id.* at 13-14, 880, 1190) and Plaintiff's argument fails to clearly articulate or demonstrate prejudice from the records being excluded (*see* Dkt. # 15 at 11-12), that error is harmless. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (the burden is on the party claiming error to demonstrate the error and that the error was harmful). Accordingly, the ALJ did not err in excluding the MultiCare Health records.

### V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 18th day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12